IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re § | | Chapter 11 |
| § | | |
| AUTOSEIS, INC., *et al.*,[1] § | | Case No. 14-20130 |
| § | | |
| Reorganized Debtors. § | | Jointly Administered |
| § | | |
| § | | |

**REPORT AND RECOMMENDATION TO WITHDRAW THE REFERENCE
AND TRANSFER CONTESTED MATTER TO DISTRICT COURT**

**CLERK REQUESTED TO FORWARD
RECOMMENDATION TO DISTRICT COURT**     1083

I.   BACKGROUND

On March 25, 2014, Global Geophysical Services, Inc. and its affiliated debtors (collectively, the "Reorganized Debtors," and prior to the Effective Date, the "Debtors") filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division, under chapter 11 of Title 11 of the United States Code.

On June 18, 2014, Claudia Yaquian ("Claimant") timely filed a proof of claim (the "Proof of Claim") [Claim No. 166] asserting her claim for gender and national origin discrimination in connection with her employment with Global Geophysical Services, Inc. ("GGS") under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. §21.001 *et seq.*

Claimant's Proof of Claim alleges that her gender and national origin discrimination claim arose in Missouri City, Texas, which is in Fort Bend County.  Claimant states that she

---

[1]   The Reorganized Debtors in these chapter 11 cases are:  Autoseis, Inc.; Global Geophysical Services, Inc.; Global Geophysical EAME, Inc.; GGS International Holdings, Inc.; Accrete Monitoring, Inc.; and Autoseis Development Company.

1

worked for GGS at its Missouri City, Texas location and was terminated at the same location. Corporate headquarters for the GGS is located in Missouri City, Texas. Fort Bend County falls within the judicial district of the United States District Court for the Southern District of Texas, Houston Division (the "District Court"). Claimant also states that she currently resides at 1714 Mustang Crossing, Missouri City, Texas, also located in Fort Bend County within the judicial district of the District Court.

On November 3, 2014, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of Global Geophysical Services, Inc. and its Debtor Affiliates, as Reformed* [Docket No. 751, Ex. A] (the "Plan"). Among other things, the Plan provides that on or after the Effective Date[2] (as defined in the Plan), the Creditor Representative shall assume sole responsibility for objecting to, settling and otherwise managing the reconciliation of Trade Claims, which includes Claimant's Proof of Claim, and may in its sole discretion, object to, settle, allow or otherwise resolve Trade Claims without supervision or approval of the Reorganized Debtors.

On February 6, 2015, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Second Amended Joint Chapter 11 Plan of Reorganization of Global Geophysical Services, Inc. and its Debtor Affiliates, as Reformed* [Docket No. 987] (the "Confirmation Order"). Pursuant to the Confirmation Order, the Creditor Representative was approved and appointed as representative for the entire Class of Trade Claims.

On March 19, 2015, the Creditor Representative filed its Objection to Proof of Claim No. 166 Filed by Claudia Yaquian (the "Objection"), thereby commencing this contested matter (the "Contested Matter"). In its Objection, the Creditor Representative seeks to have Claimant's Proof of Claim disallowed and expunged in its entirety.

---

[2]  Capitalized but undefined terms herein shall have the same meaning as ascribed to them in the Plan.

2

Claimant's Response to the Objection [Docket No. 1082] was filed with the Bankruptcy Court on May 4, 2015, contemporaneously with Claimant's Motion to Transfer Personal Injury Tort Claim Pursuant to 28 U.S.C. §157(b)(5) [Docket No. 1083] (the "Motion").

A status conference on the Objection (*i.e.*, Contested Matter) and Motion was held on May 13, 2015, whereat the Creditor Representative and Claimant agreed that Claimant's Proof of Claim alleges a personal injury tort claim that cannot be heard in the bankruptcy court pursuant to 28 U.S.C. § 157(b)(5). At the conclusion of the status conference, the parties were asked to submit a proposed agreed report and recommendation.

## II.     SCOPE OF THIS REPORT AND RECOMMENDATION

This Court concludes that it lacks jurisdiction to hear and determine the Contested Matter pursuant to 28 U.S.C. § 157(b)(5). The Court recommends that the District Court grant the Motion, withdraw the reference as relates solely to the Contested Matter, and order the transfer of the Contested Matter to the District Court's Houston Division.

## III.     WITHDRAWAL OF THE REFERENCE WITH RESPECT TO THE CONTESTED MATTER IS REQUIRED UNDER 28 U.S.C. §§ 157(b)(2)(B), (b)(5)

Section 157(b)(2)(B) makes it clear that the "liquidation or estimation" of personal injury tort claims "for purposes of distribution" is not a core proceeding for the bankruptcy court to determine. 28 U.S.C. § 157(b)(2)(B); *see also In re Schepps Food Stores, Inc.,* 169 B.R. 374, 377 (Bankr. S.D. Tex. 1994); *In re UNR Indus., Inc.*, 45 B.R. 322, 323 (N.D. Ill. 1984).

Additionally, 28 U.S.C. § 157(b)(5) states that:

> The district court *shall order* that *personal injury tort* and wrongful death claims shall be tried in the district court in which the

> bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5) (emphasis added).

Because Claimant's Proof of Claim appears to allege a "personal injury tort" claim under section 157(b)(5), which the parties do not dispute, withdrawal of the reference as concerns the Contested Matter appears to be required.

## IV.    TRANSFER OF THE CONTESTED MATTER TO DISTRICT COURT'S HOUSTON DIVISION IS APPROPRIATE UNDER 28 U.S.C. §§ 1391, 1404

Transfer of the Contested Matter to the District Court's Houston Division appears to be appropriate. 28 U.S.C. § 1404 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404.

28 U.S.C. § 1391 provides:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated….

28 U.S.C. § 1391.

GGS is a corporation whose corporate headquarters is located in Missouri City, Texas in Fort Bend County within the judicial district of the District Court's Houston Division.

Moreover, Claimant alleges that she worked at GGS' corporate headquarters during her employment with GGS and was terminated by GGS at its Missouri City, Texas location. Thus, the events giving rise to her claim appear to have occurred in the judicial district for the

4

DAL 79480082v2

District Court's Houston Division. Accordingly, it appears that Claimant's claim against GGS could have been brought in the Houston Division.

It appears that transfer of Claimant's claim to the District Court's Houston Division would serve the convenience of the parties and the interest of justice since Claimant resides within the Houston Division's judicial district, the defendant's corporate headquarters is located within the Houston Division's judicial district, and the Creditor Representative consents to such transfer.

In addition, under 28 U.S.C § 157(b)(5), the District Court in which the bankruptcy case is pending has the authority to transfer a personal injury tort claim to the district in which the claim arose. As set forth above, Claimant's claim against GGS appears to have arisen in the judicial district of the District Court's Houston Division.

Accordingly, intra-district transfer of venue of the adjudication of the Contested Matter to the District Court's Houston Division is recommended.

## V.    CONCLUSION

For the reasons set forth herein, the undersigned judge recommends that the reference be withdrawn solely with respect to the Contested Matter and that the District Court grant the Motion and order the Contested Matter transferred to the District Court's Houston Division for adjudication.

June 1, 2015
Signed this ___ day of May, 2015.

_____
Honorable Richard S. Schmidt
United States Bankruptcy Judge

ACCEPTED AND AGREED TO BY:

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, P.C.**

By: */s/ Peter C. D'Apice*
Peter C. D'Apice, Esq.
Texas State Bar No. 05377783
dapice@sbep-law.com
2323 Bryan St., Suite 2200
Dallas, TX 75201
Telephone: 214-969-4900
Telecopier: 214-969-4999

*Counsel to Claudia Yaquian*

**GREENBERG TRAURIG, LLP**

By: */s/ David R. Eastlake*
Shari L. Heyen, Esq.
Texas State Bar No. 09564750
HeyenS@gtlaw.com
David R. Eastlake, Esq.
Texas State Bar No. 24074165
EastlakeD@gtlaw.com
1000 Louisiana St., Ste. 1700
Houston, TX 77002
Telephone: 713-374-3500
Telecopier: 713-374-3505

*Counsel for the Creditor Representative*